# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KURT KUSHNER, | Case No. 17-cv-715 |
| Plaintiff, | |
| | Judge Algenon L. Marbley |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and the BENEFITS ADMINISTRATIVE COMMITTEE, | Magistrate Judge Chelsey M. Vascura |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by including or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document or, if transmitted electronically, the link to the document, in a manner that will not interfere with the legibility of the

1

document and that will permit complete removal of the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation. Documents shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** Any party may designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

4. **Depositions**. Deposition testimony shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Thereafter, the deposition transcripts and any those portions so designated shall be protected as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

   **(a) General Protections**. Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the parties,

counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents to any third person or entity except as set forth in subparagraphs (1)–(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(**4**) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed the Order Implementing Fed. R. Evid. 502(d) – Inadvertent Disclosure, dated January ____, 2018.

**6.     Filing of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. Before filing any pleadings or documents under seal, the party seeking to

file such pleading or document shall seek leave to file under seal in accordance with Local Rule 5.2.1. To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

**(a)** Before any document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER" documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(**d**) If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

7. **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be by motion under Local Rule 5.2.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may

be introduced by any party during the trial. If a party intends to present at trial "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

  **10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, each party shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material and to destroy, should such source so request, all copies of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material that contain and/or constitute attorney work product as well as excerpts, summaries and digest revealing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material; provided, however, that counsel may retain a complete copy of all materials for archival purposes, subject to the provisions of this Order. Copies of all "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" materials which have

been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

**11.  Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**12.  No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

Dated:  February 1, 2018      /s/ Chelsey M. Vascura
                              Chelsey M. Vascura
                              U.S. Magistrate Judge

**WE SO STIPULATE and agree to abide by the terms of this Order.**

Dated:  January 30, 2018                    Respectfully submitted,

**Attorneys for Plaintiff:**                **Attorneys for Defendants:**

s/ Tybe A. Brett                            s/ Kimberly J. Gost
  Tybe A. Brett, Esquire                      Kimberly J. Gost, *Admitted Pro Hac Vice*
  PA ID #30064                                PA ID #82078
  Email: tbrett@fdpklaw.com                   Email:  kgost@littler.com

**FEINSTEIN DOYLE PAYNE
 & KRAVEC, LLC**
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA 15219
Ph.: (412) 281-8400
Fax: (412) 281-1007

Tony C. Merry, Esquire
Ohio Bar #0042471
Email: tmerry@tmerrylaw.com

Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, OH 43085
Ph.: (614) 372-7114
Fax: (614) 505-6109

Sarah Bryan Fask, *Admitted Pro Hac Vice*
PA ID #306549
Email: sfask@littler.com

**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102-1321
Ph.: (267) 402-3000
Fax: (267) 402-3131

Daniel W. Srsic, Trial Attorney
Ohio Bar #0064177
Email: dsrsic@littler.com

**LITTLER MENDELSON, P.C.**
21 East State Street, 16th Floor
Columbus, OH 43215
Ph.: (614) 463-4201
Fax: (614) 221-3301

**FORM PROTECTIVE ORDER**
**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KURT KUSHNER, | ) | Case No. 17-cv-715 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Algenon L. Marbley |
| v. | ) | |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE | ) | Magistrate Judge |
| COMPANY, and the BENEFITS | ) | Chelsea M. Vascura |
| ADMINISTRATIVE COMMITTEE, | ) | |
| | ) | <u>STIPULATED PROTECTIVE ORDER</u> |
| Defendants. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2018 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio (Eastern Division) in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                          Signature